**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **BRIAN STANTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **VS.** | : | **NO.: 3:21-CV-00118-CAR** |
| | : | |
| **UNITED STATES ATTORNEY'S** | : | |
| **OFFICE FOR MIDDLE DISTRICT** | : | |
| **OF GEORGIA,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## <u>ORDER</u>

Plaintiff Brian Stanton, an inmate presently confined in the Federal Detention Center in Tallahassee, Florida, has filed a complaint pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (ECF No. 1). On January 13, 2022, Plaintiff was ordered to either pay the Court's filing fee or submit a proper and complete motion for leave to proceed *in forma pauperis*, to include a certified copy of his prison trust fund account information. Plaintiff was also ordered to provide the Court with additional information regarding his FOIA claims if he wished to proceed with those claims. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Complaint. *See generally* Order, Jan. 13, 2022, ECF No. 3.

The time for compliance passed without a response from Plaintiff. Accordingly, the Court ordered Plaintiff to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions (ECF No. 4). Plaintiff was

again given fourteen (14) days to comply, and he was again advised that the failure to timely and fully comply with the Court's orders and instructions could result in the dismissal of this action. *See generally* Order, Mar. 3, 2022, ECF No. 4.

The time for compliance with the March 3, 2022 Order has now passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's orders and instructions and otherwise failed to diligently prosecute his claims, this action is **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

**SO ORDERED**, this 22nd day of March, 2022.

s/C. Ashley Royal
_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.